(No. 4684— )

Fern L. Huff, Claimant, vs. State of Illinois, Respondent.

*Opinion filed April 20, 1956.*
*Petition of claimant for rehearing denied June 22, 1956.*

Harris and Harris, Attorneys for Claimant.

Latham Castle, Attorney General; C. Arthur Nebel, Assistant Attorney General, for Respondent.

Fearer, J.

Claimant has brought this action under the provisions of Par. 372a, Chap. 23, Ill. Rev. Stats., (State Bar Association Edition), to recover damages caused by Curtis Carter, an inmate of the Lincoln State School in the City of Lincoln, Illinois.

At the hearing had before the Commissioner on November 7, 1955, it was stipulated between the parties, through their respective counsel, as follows:

"It is stipulated and agreed by and between claimant and respondent, by their respective attorneys, that the Report of the Department of Public Welfare of the State of Illinois, filed in this case under Rule 16, dated September 2, 1955, including the attached letter of August 27, 1955, signed by William M. Fox, M.D., Superintendent of the Lincoln State School, may be received in evidence as part of the record in this case."

No answer was filed by respondent, so a general traverse or denial of the allegations is considered filed under Rule 11 of this Court.

The letter referred to, dated August 27, 1955, addressed to Otto L. Bettag, and signed by William M. Fox, M.D., Superintendent of the Lincoln State School, admitted:

1. That the facts contained in paragraph 1 of the complaint as to the time and place of the accident are correct;
2. That claimant was an employee of respondent, as alleged in paragraph 2;
3. That claimant was in the exercise of due care and caution for the safety of her property;
4. That at the time and place alleged Curtis Carter was an inmate of the Lincoln State School, and, as such, under the care, custody, control and supervision of said school;
5. That claimant proceeded to work on the morning in question, and parked her automobile on the premises of respondent in an area provided therefor;
6. That Curtis Carter unlawfully, and without authority, entered an automobile owned by Francis Lee Fink, an employee of respondent, which was parked in the same area; and, that Francis Lee Fink at no time consented to the Carter boy driving or operating said automobile; that the writer did not have any knowledge as to the ownership of the Fink automobile;
7. That without authority or consent of Francis Lee Fink, Curtis Carter, in attempting to leave the grounds of the Lincoln State School in the Fink automobile, carelessly and negligently struck and side-swiped the parked automobile of claimant, causing claimant's automobile to be thrown against another automobile parked in said area;
8. That the automobile of claimant was damaged as the proximate cause of the negligent acts of Curtis Carter, but stated that he had no knowledge as to whether or not the repairs had been made as stated;
9. That the writer had no knowledge as to the allegations made in paragraph 9, i.e., that claimant had requested payment of damages from the owner of the Fink automobile, but that payment had been refused on the ground that Curtis Carter was not a permissive driver of the Fink automobile, but was, in fact, driving a stolen vehicle in an attempt to leave the Lincoln State School Grounds;
10. That the writer had not seen claimant's exhibit A, a repair bill in the amount of $189.09.

This was all that was presented by way of a Departmental Report.

An order was entered on the motion of claimant and respondent to waive the filing of briefs and arguments, and this cause was submitted entirely on the record. The only testimony offered was that of claimant, who testified that, on April 25, 1955, she was employed at the Lincoln State School and Colony, and had been so employed for 28 years. She was an interior decorator at the

School, which is located in the City of Lincoln, Illinois. On the morning in question, she drove her 1951 Chevrolet deluxe sedan to work, and left it in a parking area, known as No. 1, which was reserved for employees. About 11:00 A.M., the day guard came to her department, and asked her to come out with him, as something had happened to her car. When she saw her automobile, the top and the whole left side of the automobile were damaged, and the door on the driver's side could not be opened. After the accident she had the car repaired at the Row Motor Company on Pulaski Street in the City of Lincoln, Illinois, and the damages amounted to $189.09. The repair bill was paid, and she is the sole owner of the claim in question.

The respondent did not offer any testimony.

Claimant does not allege in her complaint, nor has she attempted to prove the type of patient or inmate that Curtis Carter was on the date of the accident, nor does this information appear in the Departmental Report. There is nothing in the record to apprise the Court as to whether or not respondent and its agents were negligent in not keeping Curtis Carter confined to the buildings at Lincoln State School, and whether or not they were negligent in allowing him to escape and go into the parking area where employees kept their automobiles during working hours. All of this would be material and necessary in order for claimant to prove that respondent and its agents were negligent in permitting Curtis Carter to escape from the buildings and gain access to the automobile, which damaged claimant's vehicle.

We make this statement in view of a case this Court recently decided, *Dixon Fruit Company* vs. *State of Illinois,* No. 4662, opinion filed on March 16, 1956, in which

the Court held, among other things, that the Legislature enacted the 1953 amendment to the statute in light of the present law governing the Court of Claims, and the decisions under that Act, and intended that the Court of Claims apply much the same test in determining claims under this statute as it would apply to a case before it for damages caused by an escaped inmate to the person or property of another. The statute does not set out the test to be applied, but it is significant to note that nowhere in the statute is there any wording, which specifically directs the Court of Claims to apply the test of absolute liability. Hence, we will not allow claims under the statute unless we find the state to have been at fault.

The case of *Malloy* vs. *State of Illinois,* 18 C.C.R. 137, arose in this Court subsequent to the 1945 amendment, wherein the doctrine of governmental immunity was no longer applicable to claims against the state. Claimant predicated her case upon negligence, contending that the state negligently permitted the inmate to escape. The claim was allowed. In the event the Court had failed to find negligence, there would have been no recovery, since the state is not an insurer.

In the present case, there are no allegations of negligence, nor is there any proof offered as to the negligence of respondent's agents in permitting Curtis Carter to escape and enter the parking area where employees' cars were parked. In the absence of this testimony, we are unable to decide whether or not respondent should have exercised more restrictive control over the movements of this particular patient.

We are, therefore, unable to find by a preponderance of the evidence that respondent was negligent in failing to take proper measures in controlling the activi-

ties of Curtis Carter, and will, therefore, have to deny recovery.

It is also the finding of this Court that the following statute is not one of absolute liability:

Chap. 23, 372a. "Whenever a claim is filed with the Department of Public Welfare, or the Department of Public Safety, or the Youth Commission for damages resulting from property being stolen, heretofore or hereafter caused by an inmate, who has escaped from a charitable, penal, reformatory or other institution over which the State of Illinois has control while he was at liberty after his escape, the Department of Public Welfare, or the Department of Public Safety, or the Youth Commission, as the case may be, shall conduct an investigation to determine the cause, nature and extent of the damages inflicted, and, if it be found after investigation that the damage was caused by one, who had been an inmate of such institution, and had escaped, the said Department or Commission may recommend to the Court of Claims that an award be made to the injured party, and the Court of Claims shall have the power to hear and determine such claims. As amended by an Act approved June 30, 1953."

On the date of the accident, there was a statute in effect in the State of Illinois, which reads as follows:

Chap. 95½, 189. "(a) No person driving or in charge of a motor vehicle shall permit it to stand unattended without first stopping the engine, locking the ignition, and removing the key, or when standing upon any perceptible grade without effectively setting the brake thereon, and turning the front wheels to the curb or side of the highway. (b) No person shall operate or drive a motor vehicle, who is under fifteen years of age."

Our reason for pointing out this statute is that claimant alleged that she made claim against the owner of the Fink automobile, a co-employee, and that payment of damages was denied on the grounds that Curtis Carter was not a permissive driver of the Fink automobile, as he was, in fact, driving a stolen vehicle in an attempt to leave the Lincoln State School grounds. We cite this statute, because we believe that Francis Lee Fink violated the statute in question, and, had claimant elected to proceed against him, she would be entitled to recover. We make this statement after having carefully considered the

case of *Ney* vs. *Yellow Cab Company,* 2 Ill. (2d) 74, wherein this statute was properly discussed. In the opinion, the Court stated: "That the motivation of such legislation is not the state's desire to punish, but rather its interest in public welfare, and for the protection of life, limb and property by prevention of recognized hazards. Further, the violation of the statute is prima facie evidence of negligence under the prevailing rule of this state. (*Johnson* vs. *Pendergast,* 308 Ill. 255; *Stewart* vs. *U.S.,* 186 Fed. (2d) 627.)"

The record in this case is silent as to whether or not the ignition key was left in the Fink automobile, the reason for which we assume was because neither side recognized, or had gone into this legislation. We would have to assume that the key was left in the Fink automobile, because it appeared that all Curtis Carter had to do was to enter the car, and start the motor, which, in effect, caused the damages to claimant's automobile. This appears to be a violation of the statute, and consequently was an act of negligence, which was one of the proximate and contributing causes of the damage to claimant's automobile.

We believe that Mr. Fink, being an employee of respondent in a school of this type, should have realized that there was a possibility of some of the inmates walking out of the buildings, and, maybe, in fact, some of them were permitted to wander throughout the grounds, which would be a part of the area where the automobiles would be parked, and that automobiles with keys in the switches might be an attraction for said children. Their curiosity might prompt them to turn the switch, which in some vehicles permits the motor to start, and, if left in gear, would cause the motor vehicle, not being properly

controlled, to run into and damage other property in the particular area. Certainly all employees working in this institution, or anyone visiting an institution, in parking their automobiles on the grounds provided for by respondent, should do everything they can to protect their property, as well as the property of others, by adhering to this statute. We also recognize the fact that claimant could have proceeded against either party, but elected to proceed and bring her claim against the State of Illinois.

We have decided this case on the principles, which were adopted in the Dixon Fruit Company case.

For the reasons above stated, an award to claimant, Fern L. Huff, is hereby denied.